# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT MEYERS DIVISION

| | | |
|---|---|---|
| MICHAEL TUCKER, Individually & <br> AZUREE'D TUCKER, Individually & on <br> behalf of M.T., a Minor Child <br>     *Plaintiffs,* | § <br> § <br> § <br> § <br> § | |
| V. | § <br> § <br> § | CIVIL ACTION NO. <u>2:24-cv-142</u> |
| THE SCHOOL <br> BOARD OF LEE COUNTY, FLORIDA; <br> STEPHAN CATO; KYLE BURCHFIELD; <br> ALEX CARCIOPPOLO; ROBERT <br> HINSON; CHRISTOPHER CHAPELL; <br> ROBERT BUTZ; and CHRISTOPHER S. <br> BERNIER, Ph.D. <br>     *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <span style="color:red">JURY DEMANDED</span> |

## <u>PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. § 636(b)(1) and S.D. Fla. Mag. R. 4(b), Plaintiffs Michael Tucker, Azuree'd Tucker, and M.T., a Minor, hereby file the following specific, timely objections to the Report and Recommendations (ECF No. 54) issued by United States Magistrate Judge Patrick M. Hunt on May 29, 2025. Plaintiffs respectfully object to the recommendation that Defendants' Motion to Dismiss be granted and respond as set forth below. Plaintiffs additionally respectfully request leave to amend their Complaint as recommended by the Magistrate Judge.

**OBJECTION NO. 1:**	**The Magistrate Erred in Concluding the Complaint Falls into the Fourth Category of Shotgun Pleadings.**

Plaintiffs specifically object to pages 6-7 of the Report concluding that the Amended Complaint fails to specify which Defendants are responsible for which acts or omissions and therefore constitutes a shotgun pleading of the fourth type.

1

The magistrate judge erred in concluding that Plaintiffs' Amended Complaint falls within the fourth category of shotgun pleadings—i.e., that it asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act. While the Complaint uses some collective references to "Defendants," it does so only where the conduct was plausibly joint or systemic, and elsewhere it identifies the specific actors, such as Carcioppolo (racial slur), Butz (removal of coach), Cato (presence at walkout), Chappell and Hinson (participation in walkout), and Bernier (final oversight and policy authority). The Eleventh Circuit permits collective references where all defendants plausibly participated in the alleged misconduct. *See Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000).

Contrary to the magistrate judge's conclusion that Plaintiffs' First Amended Complaint constitutes a 'shotgun pleading' under the fourth category described in *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015), the Complaint includes numerous specific factual allegations identifying which Defendant did what, when, and how. These examples from the Complaint demonstrate that the pleading provides adequate notice under Federal Rule of Civil Procedure 8.

Specifically:

**Alex Carcioppolo (Assistant Coach)**

- Sent a text message to the baseball team and coaching staff that read: "Happy Valentine's Day niggas." (¶16);
- Deleted the message and claimed he sent it to the wrong group. (¶17)
- Failed to act when students reported racial slurs and told them to stop "acting like a sissy." (¶18)

**Kyle Burchfield (Head Coach)**

- Present when students complained about racism and dismissed those complaints. (¶18)
- Removed from coaching duties by Principal Butz on April 5, 2023. (¶23)

2

**Stephan Cato (Athletic Director)**

- Present at the April 6, 2023 game. (¶23)
- Knew about the planned walkout as early as March 9, 2023 but did nothing to stop it. (¶23)

**Robert Hinson and Christopher Chappell (Coaches)**

- Joined students in the walkout during M.T.'s at-bat. (¶23)
- Encouraged and condoned the walkout; fist-bumped players and participated in public disparagement. (¶23)
- Hinson said, "You need to be a man and take a stand with us." (¶23)

**Robert Butz (Principal)**

- Removed Burchfield from coaching duties. (¶23)
- Identified as the site-based decision-maker with authority over discipline and personnel. (¶¶12–13)

**Dr. Christopher S. Bernier (Superintendent)**

- Charged with overall enforcement of policies, legal compliance, and supervision of FMHS officials. (¶¶12–13)
- Named in Monell and §1983 counts for failure to prevent or address known discriminatory policies and retaliation.

**Collective Conduct by Defendants (Where Joint Conduct is Alleged)**

- Implemented a new Code of Conduct applied selectively and punitively against M.T. (¶19–20)
- Allowed financial support to bypass the Booster Club to exclude M.T.'s family. (¶21–22)
- Knowingly allowed a racially motivated walkout and cancelled the remaining season, harming M.T.'s recruitment prospects. (¶23–24)

**OBJECTION NO. 2:**    **The Magistrate Misapplied the Legal Standard for Municipal Liability Under Title VI and § 1983.**

Plaintiffs specifically object to pages 8-9 of the Report holding that Plaintiffs failed to allege discriminatory intent or official action by the School Board.

Plaintiffs object because the Report erroneously concludes Plaintiffs did not allege actual notice or deliberate indifference by an appropriate person. Plaintiffs specifically allege that

3

Defendant Butz (Principal), Defendant Bernier (Superintendent), and the School Board were aware of the repeated racial slurs, discriminatory application of rules, and orchestrated public walkout meant to retaliate against M.T. and his parents. These allegations, if taken as true, plausibly establish that officials with authority to correct the problem chose not to act, satisfying *Gebser*'s "actual notice and deliberate indifference" standard and plausibly stating a claim under *Monell.*

**OBJECTION NO. 3:**    **The Magistrate Improperly Applied the "Group Pleading" Bar.**

Plaintiffs specifically object to pages 7-10 of the Report finding that Plaintiffs failed to identify which Defendant committed the act.

Plaintiffs object because Courts recognize that group pleading is permissible where the collective conduct is central to the claim and all defendants plausibly participated. *See, e.g., In re Sunbeam Securities Litig.,* 89 F. Supp. 2d 1236, (S.D. Fla. 1999). Plaintiffs clearly identify how each Defendant—Carcioppolo, Burchfield, Hinson, Chappell, Cato, Butz, and Bernier—was personally involved in the alleged conduct, including racial slurs, retaliation, and exclusion from school programs.

**OBJECTION NO. 4:**    **The Magistrate's Recommendation to Dismiss All Claims is Contrary to Rule 15 Principles and Established Precedent.**

Plaintiffs specifically object to pages 12-13 of the Report recommending dismissal of all claims, but do not object to recommendation for approval of Plaintiffs' request for leave to amend.

Dismissal is inappropriate where amendment could cure any pleading deficiency. The Supreme Court and Eleventh Circuit consistently hold that leave to amend should be "freely given" absent undue delay, bad faith, or futility. *See Foman v. Davis*, 371 U.S. 178 (1962); *Silberman v. Miami-Dade Transit*, 927 F.3d 1123 (11th Cir. 2019). Plaintiffs proposed clarifying certain

4

allegations and narrowing references in a Second Amended Complaint, and Defendants will suffer

no prejudice from amendment at this stage. Leave to amend should be granted.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this court:

    a.     Sustain Plaintiffs' objections to the Report and Recommendations (ECF No. 54);

    b.     Reject the recommendation to dismiss the First Amended Complaint;

    c.     In the alternative, grant Plaintiffs leave to file a Second Amended Complaint that

more precisely attributes conduct and clarifies the factual basis of each claim;

    d.     Allow this matter to the proceed to discovery on the merits.

Respectfully submitted,

*/s/ Christopher O'Neal*
Christopher O'Neal, Esq
State Bar No. 910201
chris@bencrump.com
Natalie Jackson, Esq
State Bar No. 646075
Natalie@bencrump.com
Precious Chavez, Esq
State Bar No. 1040700
Precious@bencrump.com
**BEN CRUMP LAW PLLC**
122 S. Calhoun Street
TALLAHASSEE, FL 32301

**-AND-**

**Marion M. Reilly, Esq** *(Pro Hac Forthcoming)*
Texas State Bar No. 24079195
Federal ID. No.  1357491
E-Mail:  marion@mrtrial.com

**MARTINEZ REILLY, LLP**
3636 S. Alameda, Ste. B119
Corpus Christi, Texas 78412
Telephone:  361.273.6771
Facsimile:  361.704.8355
\*\*Service Email address
Service@mrtrial.com

     **-AND-**

**Joseph E. Hoffer, Esq (*Pro Hac forthcoming*)**
State Bar No. 24049462
Federal ID No. 2006011
Email: jhoffer@slh-law.com
**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
845 Proton Road
San Antonio, Texas 78258
Telephone:  210-538-5385
Facsimile:  210-538-5384

     **-AND-**

**A. Vince Colella, Esq (*Pro Hac forthcoming*)**
Federal ID No. P49747
Email: Vcolella@mosscolella.com
**MOSS & COLELLA**
28411 Northwestern Hwy, 11th FL
Southfield, MI 48034
Telephone:  248.945.0100
Facsimile:  248.945.1801

     **ATTORNEYS FOR PLAINTIFFS**


CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025, this document was electronically transmitted to the Clerk of Court via the CM/ECF system, which will send notice of electronic filing to all counsel of record.

        /s/ Marion M. Reilly, Esq
        Marion M. Reilly

6