UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL TUCKER, et al.

              *Plaintiffs,*

vs.

THE SCHOOL BOARD OF LEE
COUNTY, FLORIDA; et al.

              *Defendants.*

CASE NO. 2:24-cv-142

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Defendants file this Response to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendations [Doc. 55], stating as follows:

**RESPONSE TO OBJECTION NO. 1: The Magistrate Did Not Err in Concluding the Amended Complaint is a Shotgun Pleading.**

Plaintiffs effectively concede a shotgun pleading but claim their "collective references" to Defendants were only done when the "conduct was plausibly joint or systemic, and elsewhere it identifies the specific actors." Plaintiffs rely on *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) in arguing that collective allegations are permissible.

First, *Kyle K.* was a substantive due process case where the plaintiff needed only to allege they suffered physical or mental abuse, not discriminatory intent

against each defendant. "The constitutional violation in *Kyle K.* did not have a discriminatory intent requirement as in the instant case. Without a discriminatory intent element, the collective allegations in *Kyle K.* were permissible." *Burnett v. Fulton Cnty. Sch. Dist.*, No. 1:07-CV-0300-JTC-AJB, 2008 WL 11407394, at *16 (N.D. Ga. May 6, 2008), report and recommendation adopted sub nom. *Burnett v. Fulton Cnty. Bd. of Educ.*, No. 1:07-CV-300-JTC, 2008 WL 11407348 (N.D. Ga. Aug. 28, 2008). Here, discriminatory intent must be pleaded to state a claim against each individual Defendant. *Id*.

Second, *Kyle K.* requires sufficient factual allegations where it may be determined that an individual defendant caused the alleged injury. Lastly, and most importantly, the *Kyle K.* court upheld the dismissal of the individual defendants on the grounds of qualified immunity. In other words, Plaintiffs must first allege sufficient facts establishing a causal connection between each defendant's actions and the alleged constitutional violation, or else the action is barred by qualified immunity. There is no case holding that the kinds of actions alleged against the individual defendants violated clearly established law, and Plaintiffs have cited no such case.

Even the facts Plaintiffs attempt to bullet point have no apparent relation to what individual caused which deprivation. Tellingly, Plaintiffs list no actions by the School Board. "[I]t is insufficient for a plaintiff to simply identify a clearly

established right in the abstract and allege that a defendant has violated it." *Niziol v. Pasco Cnty. Dist. Sch. Bd.*, 240 F. Supp. 2d 1194, 1212 (M.D. Fla. 2002) (alteration added).

Neither the Defendants nor the Court should have to mine a strain of plausibility of this scattershot that is prohibitively difficult to tell who the real party of interest is, which actions are brought by whom and against whom, and on what factual basis. Who did what, when, where, why, and how against whom?

**RESPONSE TO OBJECTION NO. 2: The Magistrate properly applied the Legal Standard for Municipal Liability Under Title VI and § 1983.**

Plaintiffs contend that because they concluded, without more, that Defendant Butz (Principal), Defendant Bernier (Superintendent), and the School Board were "aware" of the alleged discriminatory conduct is enough to "plausibly establish that officials with authority to correct the problem chose not to act" to satisfy municipal liability under *Monell*.[1] That is incorrect. Plaintiffs misapply the federal pleading standard in arguing that their allegations must only be "plausible." Plaintiffs must *first* articulate "enough facts" - not mere conclusions - to allow a *reasonable* inference that liability is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating Conley, 355 U.S. at 41). Plaintiffs continue to ignore *Monell* and its progeny, which provides clear municipal liability pleading

---

[1] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

21747999 _1

standards. "It is only when the execution of a policy, not the violation of a policy, causes the injury that the government entity may be held liable." *Mouton v. Sch. Bd. of Collier Cnty.*, 2:11-CV-568-FTM-29, 2012 WL 3639004, at *3 (M.D. Fla. Aug. 23, 2012).

**RESPONSE TO OBJECTION NO. 3: The Magistrate Properly Applied the "Group Pleading" Bar.**

As argued above, the Magistrate properly found the Amended Complaint to be an impermissible shotgun pleading. Plaintiffs contention that "group pleading is permissible" is misplaced and overlooks the individual Defendants' qualified immunity. Despite Plaintiffs' claiming they "clearly identify how each Defendant" (except the School Board) was personally involved in the alleged discriminatory conduct, they provide no factual basis to distinguish their conduct. "While a complaint against multiple defendants may be read as making the same allegation against each defendant individually, the factual allegations must give each defendant fair notice of the nature of the claim and the grounds on which the claim rests." *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (quoting *Lane v. Capital Acquisitions & Mgmt., Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)).

WHEREFORE, the Defendants respectfully request the Court accepts the recommendations and dismiss the Plaintiffs' Amended Complaint.

4

21747999 _1

/s/ James  D. Fox
_____

JAMES D. FOX
Florida Bar No. 689289
MIKALA A. MAKAR
Florida Bar No. 1025225
Roetzel & Andress, LPA
999 Vanderbilt Beach Rd., Suite 401
Naples, FL  34108
(239) 649-6200
mmakar@ralaw.com
serve.mmakar@ralaw.com
jfox@ralaw.com
serve.jfox@ralaw.com
mmakar@ralaw.com
serve.mmakar@ralaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025 this document was electronically transmitted to the Clerk of Court via the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ James D. Fox
_____

James D. Fox

21747999 _1