IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| MICHAEL TUCKER, et al. | CASE NO. 2:24-cv-142-WPD-PMH |
| *Plaintiffs,* | |
| vs. | |
| THE SCHOOL BOARD OF LEE COUNTY, et al. | |
| *Defendants* | |

## DEFENDANTS KYLE BURCHFIELD AND ROBERT HINSON'S ANSWER AND AFFIRMATIVE DEFENSES

**Now Come** Defendants Kyle Burchfield and Robert Hinson and hereby file this their Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint pursuant to this Court's Order Adopting Report of Magistrate Judge: Overruling Objections; Granting in Part and Denying in Part Motion to Dismiss Third Amended Complaint (DE 82), leaving only Count III as it applies to Burchfield and Hinson. While the Answer is limited to Count III, and Count III does not incorporate by reference the Complaint's Introductory, Parties, Jurisdiction, and Venue paragraphs, out of an abundance of caution, Defendants will also address them as well as the allegations set forth in the Factual Background, incorporated into Count III. In this regard, Defendants will then respond to the numbered paragraphs in the Factual Background commencing

#25097555_v1 143230.0007

with paragraph 20, page 10, and the numbered paragraphs of the Third Amended Complaint, as they apply to them.

## INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Admitted as to the Equal Protection claim for jurisdictional purposes only, otherwise denied.

## VENUE

9. Admitted for purposes of venue.

## PARTIES

10. Without knowledge, therefore denied.

11. through 14.  The allegations in paragraphs 11 – 14 do not appear to pertain to any remaining portion of Count III; to the extent that they do they are denied.

#25097555_v1 143230.0007

15. Admitted that Burchfield was the FMHS baseball head coach, otherwise denied.

16. through 17. The allegations in paragraphs 16 – 17 do not appear to pertain to any remaining portion of Count III; to the extent that they do they are denied.

18. Admitted that Hinson was the FMHS baseball assistant coach, otherwise denied.

19. The allegations in paragraph 19 do not appear to pertain to any remaining portion of Count III, to the extent that they do they are denied.

## FACTUAL BACKGROUND

20. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

21. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

22. Denied.

23. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

24. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

25. Denied.

3

26. Denied.

27. The allegations in this paragraph to no appear to pertain to the remaining defendants, to the extent they do they are denied.

28. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

29. The allegations contained therein are denied. If such meeting was held, in the manner alleged, Defendants did not engage in any unlawful conduct.

30. The allegations contained therein are denied; especially as to any inference of wrongful or unlawful conduct by the Defendants within the text of the email.

31. The allegations contained therein are denied.

32. The allegations contained therein are denied.

33. The allegations contained therein are denied.

34. The allegations contained therein are denied.

35. The allegations contained therein are denied.

36. The allegations contained therein are denied.

37. The allegations contained therein are denied including any assertion or inference of wrongdoing or unlawful conduct by the Defendants.

38. The allegations contained therein are denied.

#25097555_v1 143230.0007

39. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

40. The allegations contained therein are denied including any inference of unlawful conduct engaged in by Defendant Burchfield.

41. The allegations contained therein are denied including any inference of unlawful conduct engaged in by Defendant Burchfield.

42. The allegations contained therein are denied including any unlawful conduct engaged in by Defendant Burchfield.

43. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

44. The allegations contained therein are denied including any unlawful conduct engaged in by Defendant Burchfield.

45. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

46. The allegations contained therein are denied.

47. The allegations contained therein are denied including any inference that Defendant Burchfield engaged in unlawful conduct.

48. The allegations contained therein are denied.

49. The allegations contained therein are denied.

50. The allegations contained therein are denied.

#25097555_v1 143230.0007

51. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

52. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

53. The allegations contained therein are denied including any inference of unlawful conduct engaged in by Defendant Burchfield.

54. The allegations contained therein are denied.

55. The allegations contained therein are speculative and without foundation and are denied especially as to any inference of unlawful conduct by Defendant Burchfield.

56. The allegations contained therein are denied.

57. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

58. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

59. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

60. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

#25097555_v1 143230.0007

61.    The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

62. The allegations contained therein are denied.

63. The allegations contained therein are denied.

64. The allegations contained therein are denied.

65. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

66.    The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

67. The allegations contained therein are denied.

68. The allegations contained therein are denied.

69. The allegations contained therein are denied.

70. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

71. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

72. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

73. All subsections within this paragraph to the extent that they allege or pertain to any violation of law by the defendants are denied.

#25097555_v1 143230.0007

74. The allegations contained therein are denied.

75. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

76. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

77. The allegations contained therein are denied.

78. The allegations contained therein are denied.

79. through 83. The allegations in paragraphs 79 – 83, do not appear to pertain to the remaining defendants, to the extent they do the are denied.

## COUNT III: 42 U.S.C. § 1983
## Race-Based Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment
**(Against Burchfield and Hinson)**

107. Defendants incorporate by reference their Answers to the Factual Background as if repeated in full here.

108. The allegation is a quote from the Fourteenth Amendment's Equal Protection Clause which clause speaks for itself.

109. The allegations contained therein are denied.

110. The allegations contained therein are denied.

111. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

8

#25097555_v1 143230.0007

112. Defendant Burchfield denies the allegations contained therein including subparts i-v. In this regard, several of the allegations raised in the subparts do not accord with several of the findings of the Magistrate Judge's Report and Recommendations, adopted by the Court in its Order noted above, as they pertain to Defendant Burchfield.

113. Defendant Burchfield denies the allegations contained therein.

114. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

115. The allegations in this paragraph do not appear to pertain to the remaining defendants, to the extent they do they are denied.

116. Defendant Hinson denies the allegations contained therein including subparts i-v. In this regard, several of the allegations raised in these subparts do not accord with the Magistrate Judge's findings in his Report and Recommendations adopted by the Court in its Order noted above, as they pertain to Defendant Hinson.

117. Defendant Hinson denies the allegations contained therein.

118. through 122.  The allegations in paragraphs 118 – 122 do not appear to pertain to Burchfield and Hinson, to the extent that they do, they are denied.

123. The allegations contained therein are denied as they pertain to any inference of unlawful conduct engaged in by the Defendants.

9

#25097555_v1 143230.0007

124.    Admitted that plaintiffs' seek damages, denied that any should be awarded.

## AFFIRMATIVE DEFENSES

1.  Defendants did not violate the Equal Protection Clause of the Fourteenth Amendment, nor were they on notice that any actions they took rose to the level of an equal protection violation and therefore they are entitled to qualified immunity.

2. With respect to Defendant Burchfield, any alleged claims of violation of the Equal Protection Clause must take into account the date he was removed from his coaching position.

3. Defendants did not take any action, or make any statement, that wrongfully classified, discriminated, or isolated the Plaintiffs, whether intentionally or negligently, based on race.

4. The School District of Lee County's Offices of Civil Rights and Equity and Positive Prevention undertook and extensive investigation of the matter and found no evidence of institutional racism against the Plaintiffs and found no evidence of racial discrimination by the Defendants herein.

5. In light of the findings noted in Affirmative Defense number 4 above, Plaintiffs have failed to state a claim upon which relief may grant as to Count III.

#25097555_v1 143230.0007

6. There is no evidence alleged or proffered that actions alleged taken by the Defendants that were a racially motivated or inspired but for cause of any damage to Defendants pursuant to Equal Protection analysis.

7. There is no action or statement made by the Defendants that resulted in a wrongful racial discrimination or that prevented him from participating in the baseball program or preventing him from achieving his goals as a baseball player.

8. All of the decisions made by the Defendants with respect to the baseball team were done for the good of the team and its players and none were based on racial animus.

9. Plaintiffs' have failed to state a claim because they have not identified any person outside their class who was treated in a substantially dissimilar manner.

10. Michael Tucker and Azure'd Tucker have failed to state any equal protection claim against them individually or any action taken the remaining Defendants against them, and as Madrid Tucker has reached the age of majority they have no claim on behalf of their son and thus lack standing.

11. Plaintiffs have failed to mitigate their damages.

11

#25097555_v1 143230.0007

12. Any damages that Plaintiffs suffered were not caused by the actions of Defendants, but of Plaintiffs or other non-parties.

WHEREFORE Plaintiffs' Complaint and Defendant's should be dismissed from this case, and Defendants' respectfully request such other relief as is just and proper.

Respectfully submitted,

/s/ James D. Fox
JAMES D. FOX
Florida Bar No. (689289)
jfox@ralaw.com
Roetzel & Andress, LPA
999 Vanderbilt Beach Rd
Suite 401
Naples, FL  34108
239.649.6200
Attorneys for Defendants Burchfield and Hinson

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, this document was electronically transmitted to the Clerk of Court via the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ James D. Fox

#25097555_v1 143230.0007